**Juan HERNANDEZ del VALLE, Plaintiff, Appellee,**

v.

**Jesus SANTA APONTE, etc., Defendant, Appellant.**

**No. 77–1220.**

United States Court of Appeals, First Circuit.

Argued Feb. 9, 1978.

Decided May 10, 1978.

Reina Colon de Rodriguez, Asst. Sol. Gen., with whom Hector A. Colon Cruz, Sol. Gen., was on brief, for defendant, appellant.

Alfonso M. Christian with whom Jose Ramon Perez Hernandez, San Juan, P. R., was on brief, for plaintiff, appellee.

Before CAMPBELL, BOWNES and MOORE,* Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The principal issue on this appeal in an action brought under 42 U.S.C. § 1983 is whether a discharged employee's demand to be reinstated to a job from which he claims to have been unconstitutionally removed tolled the running of the statute of limitations. Because we disagree with the district court's interpretation of the rules for tolling we reverse the judgment in favor of plaintiff and order the suit dismissed.

Joaquin Hernandez del Valle filed his complaint in the district court on September 5, 1975, charging Jesus Santa Aponte, the mayor of the city of San Lorenzo, with violation of his constitutional rights. Alleging that Santa had fired him from his post as a permanent employee of the city for political reasons and without due process of law, Hernandez del Valle sought reinstatement and damages. Santa moved to dismiss the complaint as time barred, but the district court proceeded to hear the case on

* Of the Second Circuit, sitting by designation.

its merits, and on March 16, 1977, granted judgment for plaintiff in the sum of $2,557.85. The court refused to require reinstatement of Hernandez del Valle, however, and plaintiff has not appealed from that portion of the order. Santa appeals from the judgment for damages.

Hernandez del Valle was appointed an ambulance driver for the city of San Lorenzo on November 10, 1972. This position was classified as permanent under Puerto Rico's civil service laws and therefore enjoyed tenure protection under P.R. Laws Ann. tit. 21, § 1553. At some time during the summer of 1973, Santa, the mayor of San Lorenzo, learned that Hernandez del Valle was receiving a disability pension from the Veterans Administration. On July 31, 1973, Santa sent plaintiff a letter demanding a copy of his VA medical records and threatening him with immediate discharge if he did not comply. Hernandez del Valle handed over the records, which indicated that in the spring of 1972 he had been hospitalized for schizophrenia and had been forced to leave his previous job as an ambulance driver. After his release, he was determined to be 80% disabled, primarily due to his nervous condition. However, the VA also issued plaintiff a letter after his hospitalization that declared he was "physically fit to perform the duties of his job"; the record does not indicate whether Santa saw a copy of this letter. On August 15, 1973, Santa discharged plaintiff, informing him "you do not meet the requirements of health to continue performing the work as driver of the ambulances of the San Lorenzo Health Center." Plaintiff was not tendered a hearing either before or after his discharge, and Santa made no effort to find him alternative employment within the municipality.

On August 23, 1973, and again on October 12, Hernandez del Valle's attorney sent letters to Santa contending that the dismissal was illegal and void and demanding that his client be reinstated in his old job or in a similar position with similar pay. The letters did not mention Hernandez del Valle's interest in back pay or other compensatory relief and did not discuss the possibility of litigation. On September 17, 1974, more than a year after his discharge, Hernandez del Valle sought a writ of mandamus from the superior court to restore his job. He obtained a voluntary dismissal of that suit on July 12, 1975, shortly before he filed this action.

Before the district court Santa maintained that the suit was time barred because it was brought more than a year after the discharge. The district court agreed that the applicable statute of limitations was one year, but held that each of the letters sent to Santa by plaintiff's attorney tolled the statute. On the merits, the district court ruled that plaintiff had not been discharged for his political beliefs, and no appeal has been taken from that part of the decision. On the due process claim, however, the district court ruled that plaintiff had a protected property interest in his employment within the meaning of the fourteenth amendment, that he had been deprived of his employment without notice or a hearing, and that defendant's blatant disregard of the procedural requirements of a dismissal articulated in P.R. Laws Ann. tit. 21, § 1553, evidenced sufficient bad faith to remove defendant's qualified immunity from damages. The district court accordingly awarded plaintiff back pay and costs in the sum of $2,557.85. Because of plaintiff's current 100% disability as determined by the VA, the district court refused to order reinstatement.

In *Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir., May 10, 1978), this court has addressed the question of what statute of limitations applies in Puerto Rico to § 1983 suits such as this one and under what circumstances that statute may be tolled. After determining that the applicable period of limitation is one year, we construed the relevant tolling statute, P.R. Laws Ann. tit. 31, § 5303,[1] as not

1. The statute provides:
  "Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor."

suspending the statute of limitations during the pendency of a similar but not identical suit. The same tolling statute contains a provision not involved in *Ramirez de Arellano:* this other provision permits tolling of the statutory period "by extrajudicial claim of the creditor". Its meaning is at issue here.

The district court recognized that the plaintiff's suit would have been time barred unless the two letters sent by his attorney demanding his reinstatement had the effect of tolling the statute. Interpreting various decisions of the Supreme Court of Puerto Rico dealing with this provision, the district court ruled:

> "The letters addressed by plaintiff's attorney to defendant interrupted the period of limitations; said letters classified plaintiff's dismissal as illegal and requested his reinstatement. The fact that money damages were not sought in the aforementioned letters is irrelevant."

The court cited as authority for this analysis *Rosario v. Puerto Rico Water Resources Authority,* 94 P.R.R. 799 (1967); *Ortiz v. McCormick Steamship Co.,* 57 P.R.R. 551 (1940); and *Bedard v. Consolidated Mutual Ins. Co.,* 313 F.Supp. 1020 (D.P.R.1970).

At the outset, we observe that § 5303 goes considerably beyond any tolling provisions of which we are aware in the United States. We need not decide here, however, whether this portion of the Commonwealth's tolling statute conflicts with underlying federal policy as applied to § 1983 suits. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). At the very least, the unusual problems presented by this provision constrain us from extending its application beyond situations where the courts of the Commonwealth have held it to apply. Here the district court crossed this line by ruling that a demand need not even seek monetary damages in order to toll the statute of limitations. If this court were to go that far, we would lend our sanction to a novel and unsettling doctrine which would substantially undermine the policy of repose embodied in a statute of limitations. In

dispensing with the need for express claim for compensation, the district court would seemingly accept almost any communication as sufficient to toll the statute of limitations. Presumably an oral demand, perhaps even a mere initial protest or expression of disappointment, would suffice. The court did not explain, moreover, how the tolling effect of such an extrajudicial demand would ever come to an end. It would be unreasonable to expect a single protest to toll the statute of limitations for all time, but neither the district court nor the statute indicates any limits.

None of the cases cited by the district court stand for the proposition that a demand for monetary compensation is unnecessary. Money would seem to be the very essence of a creditor's claim. In *Rosario,* the case on which the district court placed primary reliance, the Supreme Court of Puerto Rico was concerned with the definition of a creditor, and held that "a relation relative to the obligation or nexus previously existing between the parties" was not necessary in order for a tort-feasor to achieve debtor status. *Id.* at 805. But from the context of the opinion, as from the term "creditor" itself, it is clear that the extrajudicial demands made by plaintiff in that case were for monetary compensation for the tort.

The other cases cited by the district court similarly do not appear to us to dispense with the need for a claim for damages. In *Ortiz,* the statute of limitations was tolled by a letter from a lessee demanding that its lessor pay for goods damaged due to the lessor's carelessness. In *Bedard,* the plaintiff sought damages for injuries suffered in an accident on the premises of defendant's insuree. In both cases, the extrajudicial demand held sufficient to toll the statute of limitations was a request for monetary compensation as a result of an injury suffered. As in *Rosario,* the communications constituting extrajudicial demands called attention to a financial obligation, the essence of a creditor-debtor relationship.

The letters involved here, by way of contrast, gave no indication of any kind of

financial obligation on the part of defendant. If anything, they indicated a contrary intent by suggesting plaintiff's sole interest was in reemployment. It is hard to see how these letters gave the defendant fair notice that he might be called upon to defend a damages suit, with different issues not applicable to a suit for injunctive relief. Because these letters did not toll the one year statute of limitations, plaintiff's complaint was untimely and should have been dismissed.

Although the statute of limitations issue is dispositive here, we should note the applicability to this case of the recent Supreme Court decision of *Carey v. Piphus,* —— U.S. ——, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). Although plaintiff was discharged here without a hearing, the evidence indicates that he would have been dismissed because of his disability even if a proper hearing were held. In such cases, *Carey* holds that, absent a finding of malice, a plaintiff must establish actual injury stemming from the denial of his due process right itself before he can recover more than nominal damages. Here plaintiff introduced no evidence that showed the invasion of his procedural rights, as opposed to the loss of his job, caused him injury, and the district court ruled against him on the only issue that might have supported a finding of malice, namely the charge of political discrimination. *See also Magnett v. Pelletier,* 488 F.2d 33 (1st Cir. 1973).

*The judgment of the district court is reversed.*