Alicia **RODRIGUEZ NARVAEZ, Plaintiff,**

v.

Ariel **NAZARIO, et al., Defendants.**

**Civ. No. 87–1337 (JP).**

United States District Court, D. Puerto Rico.

Dec. 6, 1988.

Frank Rodriguez Garcia, Ponce, P.R., for plaintiff.

María L. Jiménez, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

OPINION AND ORDER

PIERAS, District Judge.

In this action under 42 U.S.C. § 1983, which alleges that plaintiff was demoted and otherwise discriminated against in the terms and conditions of her employment, the defendants, the Secretary of Housing of the Commonwealth of Puerto Rico and the current and former deputy secretaries for legal affairs, have filed several motions to dismiss. Because this action is barred by the applicable statute of limitations, the case shall be dismissed, and the Court need not reach the other motions.

I. *Background*

On January 21, 1986, plaintiff was administratively transferred within the Department of Housing, allegedly on the basis of her affiliation with the New Progressive Party. On September 1, 1986, plaintiff sent a letter, through her attorney, to defendant Nazario, the Secretary of Housing, requesting reinstatement to her previous position. The letter alleged political discrimination, and stated that it was a "step which I deem proper before initiating any legal proceedings under 42 U.S.C. Section 1983."

In response, on October 24, 1986, defendant Nazario sent a letter to plaintiff's attorney. It stated that an investigation by an outside attorney was performed, and it denied any liability to plaintiff. It did, however, state that plaintiff would be reinstated to her previous position, as Nazario had been unaware that she had any objections to the transfer.

A third letter was sent on March 12, 1987, from plaintiff to defendant Purcell,

**4**

alleging that she had not been reinstated as agreed.

Finally, on October 5, 1987, plaintiff filed suit, and defendants moved to dismiss it as time barred.

## II. *Applicable Statute of Limitations*

The parties properly agree that the applicable statute of limitations in this case is Puerto Rico's general tort statute, 31 L.P. R.A. § 5298(2). *See Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31–32 (1st Cir.1985). It provides for a one-year prescription (limitation) period.

Tolling of the statute of limitations is provided for in 31 L.P.R.A. § 5303. That section states:

> Prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor.

■ When the statute of limitations is tolled, it begins to run anew for another full year. *Chardon v. Fumero Soto,* 462 U.S. 650, 662, 103 S.Ct. 2611, 2619, 77 L.Ed. 2d 74 (1983); *Diaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 474 (1980); *Silva Wiscovich v. Weber Dental Mfg. Co.,* 87 J.T.S. 93 (P.R.1987); *Rodriguez Garcia v. Dávila,* Civ. No. 87–1411(JP), slip op. at 14 (D.C.P.R. Nov. 9, 1988) [1988 WL 124046]. Tolling the statute as to one jointly and severally liable defendant tolls it as to all. 31 L.P.R.A. § 5304; *Rivera Otero v. Casco Sales Co.,* 115 D.P.R. 662, 667 (1984).

## III. *Tolling of the Statute*

### A. Defendant Nazario's Letter

■ The first issue in this case is whether defendant Nazario's letter of October 24, 1986, was an "act of acknowledgment of the debt by the debtor." [1]

The letter rejected all allegations of political discrimination and stated non-discrimi-

natory reasons for the transfer. It did not offer plaintiff any financial compensation, only reinstatement to her previous position.

In cases involving extrajudicial claims and prior judicial claims, it has been held that the plaintiff must have claimed the same relief later requested in the suit. If the relief sued for was not specifically claimed previously, the statute of limitations as to that relief is not tolled. *Hernández del Valle v. Santa Aponte,* 575 F.2d 321 (1st Cir.1978); *Fernández v. Chardón,* 681 F.2d 42, 49 (1st Cir.1982) *aff'd sub nom. Chardón v. Fumero Soto,* 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983).

As to the acknowledgment of a debt, the same reasoning applies with even more force: the statute of limitations can be tolled only to the extent of the acknowledgment. Here there was definitely no acknowledgment of monetary liability, only a statement that plaintiff would be reinstated.

Moreover, defendant's letter specifically, clearly, and forcefully *denies* any liability. This is not the type of "acknowledgment" required by § 5303. The Puerto Rico Supreme Court has held that an acknowledgment must be "unequivocal and clear." It must have "the specific intention of acknowledging the survival of another person's right." *Diaz de Diana v. A.J.A.S. Ins. Co.,* 110 D.P.R. 471, 482 (1980), *quoting* XXXII–2 Scaevola, *Codigo Civil* 978 (1965). This letter, therefore, did not toll the statute of limitations.

### B. Plaintiff's Letter of March 12, 1987

■ Plaintiff wrote her letter to defendant Purcell on March 12, 1987, more than a year after her January 21, 1986, transfer. However, assuming (but not deciding, *see* footnote 1, *supra*) that the September 1, 1986, letter did toll the statute of limita-

---

1. The September 1, 1986, letter from plaintiff's counsel may have tolled the statute of limitations. It mentioned a § 1983 action and demanded relief, and thereby constituted an extrajudicial claim of the creditor. *Hernández del Valle v. Santa Aponte,* 575 F.2d 321, 324 (1st Cir.1978) is not to the contrary. In that case,

the possibility of a § 1983 suit was not mentioned in the letter demanding reinstatement. *Id.* at 322. However, this suit was filed more than a year after the letter, so another act tolling the limitations period would nonetheless be necessary to render the suit timely.

tions, the March 12 letter would still be timely.

In this letter, plaintiff alleges that an agreement with Purcell entered into in response to the September 1 letter had not been complied with. It in no way mentions monetary liability, legal action, or the underlying basis for this action, political discrimination. It only alleges noncompliance with an alleged agreement without making any specific demand related to this suit.

As already noted, to toll the statute of limitations, a claim must seek the relief later requested in the suit. *Hernández del Valle*, 575 F.2d at 323. Because the March 12 letter did not do so, it did not toll the statute of limitations. Therefore, the statute of limitations in this case expired either on January 21, 1987, or on September 1, 1987, and this suit, filed on October 5, 1987, is time barred and is therefore DISMISSED.

Judgment shall be entered accordingly.

IT IS SO ORDERED.