February 23, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1070

JUAN A. DAMIANI MONTALBAN,
IVELISSE VAZQUEZ DE DAMIANI,
AND THE CONJUGAL PARTNERSHIP
COMPOSED BY BOTH,

Plaintiffs, Appellants,

v.

PUERTO RICO MARINE MANAGEMENT, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Gilberto Gierbolini, U.S. District Judge]

Before

Selya, Circuit Judge,
Aldrich, Senior Circuit Judge,
and Boyle,* District Judge.

Guillermo Ramos Luina with whom Harry Anduze Montano was on brief
for appellants.
Gilberto Mayo Pagan with whom Gilberto Mayo Aguayo and Mayo &
Mayo were on brief for appellee.

*Of the District of Rhode Island, sitting by designation.

BOYLE, District Judge.

Plaintiff-appellant Juan A. Damiani Montalban

appeals an order granting summary judgment against him in a

suit brought under P.R. Laws Ann. tit. 29, 146 (1985).

Jurisdiction exists pursuant to 28 U.S.C. 1332(a)(1). We

affirm.

I. Background

In accord with Fed.R.Civ.P. 56, the facts are

considered in the light most favorable to the appellant. On

March 24, 1989, after nearly ten years of service at Puerto

Rico Marine Management, Inc. (PRMMI), Damiani was dismissed.

At the time of his dismissal, Damiani was the Manager of

Insurance in PRMMI's Department of Risk Management. He was

52 years old.

The manner in which Damiani was dismissed

represents a rather unceremonious conclusion to his career

at PRMMI. On Friday, March 10, 1989, Fernando L. Guardiola

Lopez, the Manager of PRMMI's Department of Loss Prevention

informed Damiani that Victor Carreras, the Vice-President of

Industrial Relations at PRMMI, had asked Guardiola to tell

the appellant that he would be "laid off" effective March

24, 1989. On Monday, March 13, 1989, the appellant asked

his supervisor, Juan Jeannot why he was being terminated.

Jeannot was unable to provide an explanation for PRMMI's

action. Jeannot stated he would look into the matter and

get back to Damiani. By letter, dated March 13, 1989,

Enrique Gonzalez, Vice-President of Finance and

Administration of PRMMI, reiterated that Damiani's layoff

would be effective March 24, 1989 and advised him to contact

the Personnel Department to review his benefits. The letter

concluded with the offer to provide references to aid

Damiani in finding a new position. Although the exact date

is unclear, Damiani acknowledges receipt of this letter no

later than March 22, 1989.

After March 13, 1989, Damiani met with

Rafael Reyes, PRMMI's Personnel Director. Damiani contends

that Mr. Reyes first learned of his layoff the morning of

their meeting. At this meeting, Damiani again demanded an

explanation for his dismissal. Reyes, however, was also

unaware of the reasons for Damiani's dismissal.

From the start, Damiani maintained that his

dismissal was unjustified and continually requested that

PRMMI provide an explanation for his dismissal. In each

conversation concerning his employment status, Damiani

stated that the dismissal action was "arbitrary and unfair

-3- 3

and that unless I was retained I would file whatever

judicial action was necessary to protect my rights and

obtain redress for any damages which were going to be

substantial because of my time with the company, my

excellent job execution and my age."

Damiani's last day at PRMMI was March 24, 1989.

On July 24, 1989, he sent a letter to J. P. Toomey, the

President of PRMMI. In the letter, Damiani outlined his

contributions to the company and recommended PRMMI create an

independent appeals board to review actions such as

promotions, demotions, and dismissals. Damiani asserted

that an impartial review of his situation would result in

his reinstatement.

On March 23, 1990, Damiani sued PRMMI in federal

district court invoking diversity jurisdiction, 28 U.S.C.

1332. The complaint asserted three causes of action, the

first, pursuant to P.R. Laws Ann. tit. 29, 185a (1989)(Law

80), for an additional month's salary as indemnity because

he was terminated from his employment without just cause,

the second for monetary damages for age discrimination

pursuant to P.R. Laws Ann. tit. 29, 146 (1985)(Law 100)1

1 Section 146 provides in part:
"Any employer who discharges, lays off or discriminates
against an employee . . . on the basis of age . . . :

-4- 4

( 146 or Section 146), and the third for money damages for

mental distress because of his discriminatory discharge

based on age. (Complaint at 5-7.) In the portion of his

complaint entitled "Request for Remedy" he alleged that he

had suffered injury "caused by the willful, illegal,

discriminatory and/or negligent actions of the defendant"

and sought front pay in lieu of reinstatement, back pay,

lost benefits, damages for pain and suffering, severance

pay, double payment of all sums as double indemnity, costs

and attorneys fees, prejudgment interest and any other just

relief which plaintiff estimated to equal not less than two

million three thousand eight hundred dollars

($2,003,800.00). On August 31, 1991, PRMMI filed a motion

for summary judgment contending that Damiani's age

discrimination claim was barred by the statute of

limitations and that the amount of Damiani's Law 80 claim,

standing alone, was insufficient to supply the court with

subject matter jurisdiction under 28 U.S.C. 1332. PRMMI's

motion did not address Damiani's third claim for money

damages for mental anguish because of his termination based

(a) shall incur civil liability
(1) for a sum equal to twice the amount of damages sustained
by the employee or applicant for employment on account of
such action;" P.R. Laws Ann. tit. 29, 146 (1985).

-5- 5

on age. That cause of action, based on alleged age

discrimination, would also be time barred. We see no need

to return this matter to the district court to do what must

be done, that is to dismiss Count III. The district court

granted the motion as to Counts I and II. Damiani appeals

that judgment. Damiani, in his brief, states that no

appeal is taken from the determination that his Law 80

claim, alone, does not meet the jurisdictional amount.

II. Discussion

Summary judgment is appropriate when the record

reflects "no genuine issue as to any material fact and . . .

the moving party is entitled to judgment as a matter of

law." Fed.R.Civ.P. 56(c). In certain cases, Rule 56 may be

used to determine whether a statutory time bar applies to a

particular set of facts. See, e.g., Jensen v. Frank, 912

F.2d 517, 520 (1st Cir. 1990); Kali Seafood, Inc. v. Howe

Corp., 887 F.2d 7, 9 (1st Cir. 1989). At the outset, we

note that the review of a grant of summary judgment is

plenary. Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st

Cir. 1990). In the present case, our inquiry focuses on

whether the record reveals a genuine issue of any material

fact relative to the timeliness of Damiani's suit. Doyle v.

Shubs, 905 F.2d 1 (1st Cir. 1990)(per curiam). Damiani

-6- 6

contends that the time of accrual of his action as well as

whether the action was tolled under the law of Puerto Rico

constitute genuine issues of material fact.

In Olmo v. Young & Ribicam of P.R., Inc., 10

Official Translations of the Opinions of the Supreme Court

of Puerto Rico 967 (1981), the Supreme Court of Puerto Rico

addressed the applicable statute of limitations for an

action brought under 146. In Olmo, the plaintiff brought

an action under 146 alleging he had been discharged

because of his race. Since the statute did not provide a

specific limitation period, the Olmo court determined that

the one year statute of limitations applicable to other

civil actions for damages based on racial discrimination was

appropriate for an action under 146. Id. at 972-73.

The Olmo court described actions brought under

146 as actions for "tortious discrimination." Id. at 972.

That description is instructive in determining when

Damiani's action accrued. Under Puerto Rico law, all

actions for civil liability based on fault or negligence are

time barred after one year "from the time the aggrieved

person had knowledge thereof." P.R. Laws Ann. tit. 31,

5298 (1991). In the instant case, the district court held

-7- 7

that Damiani's cause of action accrued on March 10, 1989,

the date he was informed of his termination. We agree.

The Supreme Court of Puerto Rico has addressed

when an action for wrongful discharge accrues. In Delgado

Rodriguez v. Nazario de Ferrer, 121 D.P.R. , 88 J.T.S. 63

(No. CE-86-417, official translation) (1988), the plaintiff

was informed on March 19, 1981 that he would be terminated

effective April 15, 1981. Before he was terminated, the

plaintiff initiated an administrative claim with the Board

of Appeals of the Personnel Administration System. On March

7, 1984 the Board of Appeals reinstated the plaintiff. On

March 1, 1985, the plaintiff filed a civil action seeking

damages for wrongful termination. The Supreme Court of

Puerto Rico determined that the statute of limitations began

to run when the aggrieved party became aware of the damage.

The Delgado Rodriguez court determined that the plaintiff's

cause of action was time barred because it accrued the day

he received notice of his termination, March 19, 1981. Id.

at 11 (No. CE-86-417, slip op. at 11).

A similar analysis has been applied in wrongful

termination cases brought under 42 U.S.C. 1983. In

Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349 (1st Cir.

1992), the plaintiff was informed that his name was removed

-8- 8

from an employment roster. Two years later, the plaintiff

filed an action in federal court alleging his employer's

actions had deprived him of property without due process of

law. The Rivera-Muriente court stated that:

[i]n employment discrimination cases
involving wrongful discharges, the statute of
limitations begins to run when the
plaintiff learns of the decision to
terminate his employment (even if
the notice he receives is
informal).

Id. at 353. In determining when Damiani's action accrued,

our inquiry is when did Damiani become aware he would be

terminated? Damiani argues that Guardiola's statement did

not commence the running of the statute of limitations.

Damiani contends that a fellow manager could not provide the

requisite notice of his dismissal. In Damiani's view,

Guardiola's statement fails to trigger the statute of

limitations because it amounts to mere speculation and

rumor. This contention fails, however, when the facts of

the notice are analyzed. In an affidavit attached to his

opposition to the motion for summary judgment, Damiani

admits that Guardiola stated he was acting under orders from

Victor Carreras, Vice-President of Industrial Relations at

PRMMI. Thus, Guardiola was dispatched to deliver the

unfortunate news by a superior. This action was not mere

-9- 9

gossip or speculation, but a sanctioned delegation of duties

by PRMMI's administration. Although Damiani felt the use of

Guardiola as a messenger was not appropriate, it effectively

conveyed notice to Damiani that he would be terminated.

Damiani further argues that Guardiola's statement

did not effectively provide notice of dismissal because

Guardiola was unaware of the reasons for PRMMI's action. As

we have noted, in cases such as this, the statute of

limitations begins to run when the aggrieved party learns of

the decision to terminate him. Rivera-Muriente v. Agosto-

Alicea, 959 F.2d at 353. An employer's failure or refusal

to provide an aggrieved employee with the reasons for

termination has no effect on the commencement of the statute

of limitations. The date an employee becomes aware that he

has been damaged by a decision to terminate, his cause of

action begins and the longevity of that claim for purposes

of the statute of limitations is set. On March 10, 1989,

Damiani became aware that he would be terminated, therefore

the statute of limitations for any claim of damages under

146 then began to run.

Damiani next contends that his conversations with

various PRMMI personnel constitute extrajudicial claims

sufficient to toll the statute of limitations. Tolling of

-10- 10

the statute of limitations is provided for in P.R. Laws Ann.

tit. 31, 5303 (1991) ( 5303 or Section 5303). That

section states:

[p]rescription of actions is interrupted by their
institution before the courts, by extrajudicial
claim of the creditor, and by any act of
acknowledgement of the debt by the debtor.

P.R. Laws Ann. tit. 31, 5303. The district court noted

that Damiani relied principally on his letter, dated July

26, 1989, as evidence of an extrajudicial claim. Damiani

Montalban v. Puerto Rico Marine Management, Inc., No. 90-

1426, slip op. at 6 (D.P.R. Sept. 18, 1991). In this forum,

however, he relies exclusively on his oral conversations

with PRMMI personnel.

Under 5303, the statute of limitations may be

interrupted by the "unequivocal statement of one who,

threatened with the loss of his right, expresses his will

not to lose it." Feliciano v. A.J.A., 93 P.R.R. 638, 643

(1966). The Supreme Court of Puerto Rico has noted that the

tolling exception to the statute of limitations must be

interpreted restrictively. Diaz de Diana v. A.J.A.S. Ins.

Co., 10 Official Translations of the Opinions of the Supreme

Court of Puerto Rico 604, 607-608, n. 1 (1980). In order to

toll the statute of limitations, the extrajudicial claims

must be precise and specific. Jimenez v. District Court, 65

-11- 11

P.R.R. 35, 42 (1945). The purpose of requiring a precise

and specific claim is to alert the defendant of claims that

would otherwise lapse.

In Riofrio Anda v. Ralston Purina, Co., 959 F.2d

1149 (1st Cir. 1992), the plaintiff was hired under an oral

contract. After his termination, the plaintiff negotiated

with his employer concerning relocation and termination

compensation which he claimed was required under his oral

agreement. His attorney wrote to the employer and stated

his intention to "file an unlawful discharge complaint"

against the employer. The plaintiff then filed an action in

the United States District Court for the District of Puerto

Rico seeking money damages for breach of his contract of

employment with respect to remuneration and relocation

expenses, wrongful discharge and unlawful termination, and

mental pain and suffering resulting from willful acts

committed by the defendants at the time of termination. We

held that the attorney's letter was inadequate to toll the

statute of limitations because the letter did not give

defendant "fair notice that a lawsuit based on breach of

contract and wrongful discharge were in the offing."

Riofrio Anda v. Ralston Purina, Co., 959 F.2d at 1154.

-12- 12

In addition, tolling requires that the plaintiff

must claim the same relief that is later requested in the

suit. Hernandez Del Valle v. Santa Aponte, 575 F.2d 321,

323-24 (1st Cir. 1978). In Del Valle, the plaintiff sent a

letter contending that his dismissal was illegal and seeking

reinstatement. The court held that the letter failed to

toll the statute of limitations for a 1983 action for

unlawful discharge which sought reinstatement and damages.

The court emphasized that the letter indicated that

plaintiff's sole interest was reemployment. The court

reasoned that the letter failed to give the defendant "fair

notice that he would be called upon to defend a damages suit

with different issues not applicable to a suit for

injunctive relief." Id. at 324. Similarly, in Riofrio Anda

v. Ralston Purina Co., this court applied Del Valle, by

emphasizing that to effectively toll the statute of

limitations an extrajudicial claim must request the same

relief ultimately sought in a federal suit. Ralston Anda v.

Ralston Purina Co., 959 F.2d at 1154. An extrajudicial

claim does not toll the statute of limitations for all

claims arising out of the same facts. Rather, tolling is

effective only with regard to identical causes of action.

-13- 13

Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43 (1st Cir.

1990).

In the present case, Damiani's statements seek

retention as an employee while alluding to possible legal

action. His complaint, however, seeks a variety of damages

including damages in lieu of reinstatement. Damiani's

statement can not be deemed a precise and specific claim for

relief ultimately sought in his lawsuit. His cryptic

comment suggesting that his damages would be substantial

because of his age did not provide PRMMI with fair notice

that it would be called upon to defend a suit seeking

damages resulting from age discrimination.

Damiani's final argument is that a decision of a

more recent vintage from the Supreme Court of Puerto Rico

modified tolling requirements. As support for this

proposition, Damiani points to Zambrana Maldonado v.

Commonwealth of Puerto Rico, 130 D.P.R. , 92 J.T.S. 12

(1992)(Translation Provided). In Zambrana Maldonado, the

plaintiff sent a letter to the Secretary of Justice alleging

he had a claim for damages against the government. The

plaintiff's letter stated that he was notifying the

government of a claim and provided the date, place, damages

suffered, the cause and nature thereof and a list of

-14- 14

possible witnesses. Id. at 15. P.R. Laws Ann. tit. 32,

3077a (1968) (Section 3077a) requires a claimant against the

government to give notice of the claim including the date,

place, cause and general nature of the damages suffered, the

names of witnesses, the address of the claimant as well as

the place where medical treatment was received. Section

3077a requires that such notice be given within ninety (90)

days of the awareness of the damages. Failure to provide

notice within the ninety day period bars a suit against the

government. The Supreme Court of Puerto Rico held that the

plaintiff's written claim of damage tolled the statue of

limitations. Zambrana Maldonado v. Commonwealth of Puerto

Rico (translation at 35). The Zambrana Maldonado court

maintained that the interruption of the statute of

limitations requires "conduct in which, more or less

tractably and more or less categorically or urgently, the

decision to obtain payment is shown." Id. at 23. The court

held that the notice which complied with the statute was

sufficient to toll the statute of limitations. Plaintiff

points to language in the court's opinion which states that

the law does not require any particular form of notice. The

court observed that "[n]o matter how the claim is made it

has interruptive value..." Id. In this context, the

-15- 15

opinion cannot be read as a broadening of the type of notice

required. The issue is not the form of the notice, it is

the content of the notice. Here, the content is deficient

to support the legal action which has been brought.

Damiani's statements did not evidence an urgent decision to

obtain payment for damages under 146.

III. Conclusion

Damiani's statements did not toll the one year

statute of

limitations. Dismissal was required as a matter of law.

Affirmed.

-16- 16