# United States Court of Appeals
## For the First Circuit

No. 05-2043

MYRTA NIEVES-VEGA,

Plaintiff, Appellant,

v.

HERMENEGILDO ORTIZ-QUIÑONES, IN HIS PERSONAL CAPACITY;
ANGEL D. RODRÍGUEZ, IN HIS PERSONAL AND OFFICIAL CAPACITIES;
GILDA RAMOS, IN HER PERSONAL CAPACITY; JOHN DOE; RICHARD ROE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,

Stahl, Senior Circuit Judge,

and Howard, Circuit Judge.

Carlos R. Ramirez, with whom John F. Nevares & Associates, PSC was on brief, for appellant.
Susana I. Peñagaricano-Brown, Assistant Solicitor General, Department of Justice with whom Salvador J. Antonetti-Stutts, Solicitor General, Mariana Negrón-Vargas, Deputy Solicitor General and Maite D. Oroncz-Rodríguez, Deputy Solicitor General, were on brief, for appellee.

April 5, 2006

**HOWARD**, **Circuit Judge**.  Myrta Nieves-Vega brought this action, under 42 U.S.C. § 1983 and Puerto Rico law, against several employees of the Puerto Rico Planning Board (Board).  She alleged that the defendants discriminated against her on account of her political affiliation by reducing her salary.  The district court granted the defendants summary judgment on the ground that Nieves' claim was time barred.  We affirm.

Nieves was employed by the Board for over 20 years. Until February 1999, Nieves, a member of the New Progressive Party (NPP), worked for the Board as an Administrative Analyst VII, a career service position.  In February 1999, with the Board under NPP leadership, Nieves was appointed to serve as a Special Assistant II, a trust position.

In 2000, the Popular Democratic Party (PDP) candidate defeated the NPP candidate for governor.  In the period between the election and the PDP assuming control of the Board's leadership, Nieves resigned her trust position and requested reinstatement to her career position.  Her request was granted and took effect on July 16, 2001, the day before the PDP assumed control of the Board. In her reassigned post, Nieves earned a salary of $3,155 per month. This was a "salary by exception" because it was higher than the salary typically paid to an employee in Nieves' position.

After the PDP assumed control of the Board, new Board President Hermenegildo Ortiz-Quiñones ordered that the Office of

Administration of Personnel and Human Resources review Nieves' salary to determine if the grant of a salary by exception was proper. This agency subsequently concluded that Nieves was not entitled to the salary by exception.

On June 13, 2002, Nieves received a letter from Ortiz explaining that she was not entitled to the salary by exception and that her salary would be reduced to $2,189 as of July 1, 2002. The following month, Nieves wrote to the new Board President Angel Rodriguez to contest the salary reduction. She claimed that Ortiz had ordered the salary reduction to punish her for her membership in the NPP and requested that Rodriguez reinstate her prior salary. Rodriguez replied that the salary reduction was not politically motivated and would stand.

On July 1, 2003, exactly one year after the salary reduction took effect, Nieves filed an action claiming that the salary reduction was an act of unlawful political discrimination. She sought $1,000,0000 in compensatory damages, $2,000,000 in punitive damages, back pay, the reinstatement of her salary, attorney's fees and costs.

The defendants subsequently moved for summary judgment, arguing that Nieves' claim was untimely under the applicable one-year statute of limitations because the claim accrued on June 13, 2002, the date that Nieves received notice of the salary reduction. Nieves opposed, arguing that the claim did not accrue until July 1,

2002, the date that the salary reduction took effect, and, even if the claim accrued when she received notice of the reduction, her letter to Rodriguez tolled the limitations period.  The district court granted the defendants' motion, ruling that the claim accrued on the date that Nieves received notice of the salary reduction and that Nieves' letter to Rodriguez did not toll the limitations period because it sought equitable relief while her lawsuit sought equitable relief and damages.

We review summary judgment rulings de novo.  See Guzman-Rosario v. United Parcel Serv., Inc., 397 F.3d 6, 9 (1st Cir. 2005).  Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).

On appeal, Nieves renews the two arguments she made to the district court: that her claim accrued on July 1, 2002 and that the running of the statute of limitations was tolled by her letter to Rodriguez.  The parties agree that Nieves' action is governed by Puerto Rico's one-year statute of limitations for personal injury claims.  See Rodriguez-Garcia v. Caguas, 354 F.3d 91, 96 (1st Cir. 2004).

Federal law determines the date on which a § 1983 claim accrues.  See Lafont-Rivera v. Soler-Zapata, 984 F.2d 1, 2-3 (1st Cir. 1993). A claim accrues on the date that "the plaintiff 'knows or has reason to know of the act which is the basis for the

claim.'" Rodriguez-Garcia, 354 F.3d at 96-97 (quoting Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990)). "The rule in an employment discrimination case is that the limitations period begins to run when the [plaintiff] receives unambiguous and authoritative notice of the discriminatory act (which is another way of saying that the period begins to run when the employee learns of the adverse employment action)." Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 749 (1st Cir. 1994) (parentheses in original); see also Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam) (holding that the statute of limitations began to run on the date that the employee received notice of the employer's decision to terminate his employment); Lopez-Gonzalez v. Comerio, 404 F.3d 548, 551 (1st Cir. 2005) (similar).

The June 13, 2002 letter from Ortiz to Nieves stated that "effective on July 1, 2002," Nieves' salary by exception was eliminated, and her salary would be reduced to $2,189 per month. This letter provided Nieves with unequivocal notice that the Board had decided to reduce her salary. Accordingly, the statute of limitations began to run on June 13, 2002, and therefore, unless the letter to Rodriguez tolled the running of the limitations period, Nieves' July 1, 2003 complaint is time barred.

When a § 1983 action is brought in Puerto Rico, federal law borrows from Puerto Rico tolling law so long as the Puerto Rico law is consistent with underlying federal policy. See Rodriguez-

-5-

<u>Garcia</u>, 354 F.3d at 97. Under Puerto Rico law, "extrajudicial claims" by a creditor may toll the running of a statute of limitations. <u>See</u> 31 P.R. Laws Ann. § 5303; <u>Benitez-Pons</u>, v. <u>Puerto Rico</u>, 136 F.3d 54, 60 (1st Cir. 1998). But because "tolling provisions [are] interpreted restrictively against the person invoking their protection," the requirements for making an extrajudicial claim are strict. <u>Rodriguez Narvaez</u>, 895 F.2d at 43. The extrajudicial claim must be "identical" to the claim actually filed in court. <u>Benitez-Pons</u>, 136 F.3d at 59. It must seek the same form of relief, be based on the same facts, and be asserted against the same defendants as the subsequent lawsuit. <u>See</u> <u>Rodriguez-Garcia</u>, 354 F.3d at 97.

Nieves' letter to Rodriguez fails the first requirement: it seeks relief different from the relief later requested in the lawsuit. In the letter, Nieves stated that she believed that her salary reduction was an act of political discrimination and requested that Rodriguez "set [it] aside." In her subsequent complaint, however, Nieves sought $3,000,000 in damages, back pay, attorney's fees and costs in addition to requesting that the salary reduction be set aside. We have held several times that an extrajudicial claim seeking only equitable relief does not toll the statute of limitations where the subsequent complaint also seeks damages. <u>See</u> <u>Benitez-Pons</u>, 136 F.3d at 59-61; <u>Riofrio Anda</u> v. <u>Ralston Purina Co.</u>, 959 F.2d 1149, 1154 (1st Cir. 1992); <u>Rodriguez-</u>

Narvaez, 895 F.2d at 46; Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990); Hernandez del Valle v. Santa Aponte, 575 F.2d 321, 323 (1st Cir. 1978).  This is so because an extrajudicial claim requesting only injunctive relief does not give the defendants "fair notice that [they] might be called upon to defend a damages suit, with different issues not applicable to a suit for injunctive relief."[1]  Hernandez del Valle, 575 F.2d at 324.  Accordingly, Nieves' letter to Rodriguez did not toll the statute of limitations and her complaint was time barred.[2]

---

[1]At oral argument, Nieves argued that, even if the letter to Rodriguez was insufficient to toll the limitations period for her damages claim, it was sufficient to toll the limitations period for her equitable relief claim.  This argument was not raised in Nieves' brief and therefore is, at best, forfeit.  See Suprenant v. Rivas, 424 F.3d 5, 16 (1st Cir. 2005).  In any event, even if plain error review were available, there was no such error here.  In Hernandez del Valle, 575 F.2d at 322-24, and Torres, 893 F.2d at 407, the plaintiffs sought reinstatement and damages in their court complaints but sought only reinstatement in their extrajudicial claims.  In both cases, we concluded that the entire cause of action was time barred.  See Hernandez del Valle, 575 F.2d at 24; Torres, 893 F.2d at 407.

[2]Nieves suggests also that her complaint stated a timely hostile work environment claim because it was based on events occurring after July 1, 2002.  The district court rejected this argument on the ground that Nieves had disavowed any such claim during the litigation.  We agree.  In her opposition to the defendants' motion to dismiss, Nieves asserted that the allegations of discriminatory conduct in her complaint, aside from the reduction of salary allegation, were "made not as a cause of action . . . but to support the contention that defendants' decision to substantially reduce plaintiff's salary was politically motivated."  This statement constitutes an abandonment of any additional discrimination claims that could have been raised by the facts pleaded in Nieves' complaint.  See Sheehan v. Marr, 207 F.3d 35, 42 (1st Cir. 2000).

**Affirmed**.