Agustín Berrocales Gómez, peticionario, *v.* Tribunal Superior de Puerto Rico, Sala de Ponce, Hon. Carlos D. Bonaparte, Juez, demandado; American Motorists Insurance Co., interventora.

*Número:* O-73-419 *Resuelto:* 6 de mayo de 1974

*Frank Rodríguez García,* abogado del peticionario; *César A. Hernández Colón,* abogado de la interventora.

PER CURIAM: En 31 de agosto de 1971 la firma Comandante Auto Sales, de Bayamón, Puerto Rico, vendió a Agustín Berrocales Gómez, de 68 años de edad entonces y residente en la zona rural—Barrio Barinas de Yauco—un camión marca Reo, modelo 1971. El precio del camión ($34,809.20) incluía una póliza con la American Motorists Insurance Co., de Chicago, Ill., cuyo precio de la póliza era $2,054.00.

Por hechos ocurridos en enero de 1972, los cuales a los fines de esta opinión no es necesario relatar, Berrocales solicitó de su aseguradora que cumpliese con su parte del contrato. Ante la actitud de la aseguradora, o/y de sus agentes en Puerto Rico, Berrocales se vio obligado a demandarla. La Compañía contestó la demanda más de diez meses después de emplazada.

Luego de una serie de trámites y de una vista sobre una moción de desestimación presentada por la demandada, el tribunal de instancia en 9 de agosto de 1972, al declarar sin lugar dicha moción ordenó "que se continúen los procedimientos de lo exigido en la póliza." Tomada en contexto dicha resolución u orden obligaba al demandante a someterse a arbitraje forzoso, contra su deseo. [1]

---

[1] La demandada invocó la siguiente cláusula del contrato—impresa en letra pequeña:

"If the insured and the company fail to agree as to the amount of loss, either way, within 60 days after proof of loss is filed, demand an appraisal

Recurrió ante nos el demandante y en 23 de noviembre de 1973 acordamos revisar. Expedimos el *certiorari* solicitado. El señalamiento es al efecto de que erró el tribunal de instancia al obligar al demandante a someterse al procedimiento de arbitraje.

■ Se cometió el error señalado. El asunto es básico. La materia de seguros es una materia especial y está regida por una ley especial denominada Código de Seguros de Puerto Rico, Ley Núm. 77 de 19 de junio de 1957; 26 L.P.R.A. secs. 101 y ss. Como se sabe, el Código Civil es supletorio en las materias que se rigen por leyes especiales, Art. 12 de dicho Código, 31 L.P.R.A. sec. 12, pero en este caso no hay que recurrir a él pues el Código de Seguros contiene disposiciones expresas que cubren el punto aquí envuelto.

Dispone, en lo pertinente, el Art. 11.190 del Código de Seguros, 26 L.P.R.A. sec. 1119, como sigue:

"(1) Ninguna póliza . . . contendrá ninguna condición, estipulación o acuerdo:

(a) Para privar al asegurado del derecho de recurrir a los tribunales, en caso de controversia, para la determinación de sus derechos con arreglo a la póliza.

(b) Para privar a los tribunales de Puerto Rico de jurisdicción en acciones contra el asegurador.

. . . . . . . .

"(2) Cualquier condición, estipulación o convenio en contravención con esta sección será nulo, pero sin que tal nulidad afecte la validez de las demás disposiciones de la póliza."

---

of the loss. In such event the insured and the company shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The insured and the company shall each pay his chosen appraiser and shall bear equally the other expenses of the appraisal and umpire. The company shall not be held to have waived any of its rights by any act relating to appraisal."

 Ante la citada disposición de ley es necesario concluir que la cláusula de la póliza que requería el arbitraje obligatorio es nula e ineficaz en Puerto Rico. Se tendrá por no puesta. Para mayor abundamiento, recuérdese que el cuerpo rector por excelencia de nuestro derecho privado dispone que no puede contratarse en contravención a las leyes del país. Código Civil, Art. 1207; 31 L.P.R.A. sec. 3372.

 Tampoco gobierna este caso la Ley de Arbitraje, Ley Núm. 376 de 8 de mayo de 1951, 32 L.P.R.A. secs. 3201 y ss., como insinúa la interventora. Además, como también hemos señalado, las partes no podían pactar un arbitraje voluntario cuando el mismo hubiese resultado contrario al Código de Seguros. El Código de Seguros es una ley posterior a la Ley de Arbitraje antes citada y también dicho Código reglamenta una materia especial. Por dichas razones, el Código de Seguros prevalece en este caso sobre las disposiciones de la Ley de Arbitraje.

En vista de lo anterior, *se dejará sin efecto aquella parte de la resolución del tribunal de instancia dada en 9 de agosto de 1972 que ordenaba que se procediese con el arbitraje. Se devolverá el caso al tribunal de instancia para que continúen los procedimientos correspondientes que no sean inconsistentes con esta opinión.*

El Juez Presidente Señor Trías Monge y los Jueces Asociados Señores Cadilla Ginorio e Irizarry Yunqué, no intervinieron.