PUERTO RICAN–AMERICAN INS. CO., querellante, recurrente y recurrida, *v.* PUERTO RICO PARKING SYSTEM y CNA CASUALTY DE PUERTO RICO, querellados y recurrido el primero; DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, recurrido y peticionario.

*Número:* O-78-152        *Resuelto:* 30 de noviembre de 1978

*Eugenio Gil De Lamadrid Gautier, Reynaldo Rodríguez Pagán, Matilde Acevedo Molinary* y *Lucía Ferreira de Morales,* abogados del peticionario; *Rodolfo E. Criscuolo Morales* y *Oscar Dávila Suliveres,* abogados de la Puerto Rican-American Insurance Co.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

▇ Un automóvil fue hurtado de un lugar dedicado al negocio de estacionamiento de vehículos. El automóvil estaba cubierto por una póliza en virtud de la cual la compañía aseguradora—Puerto Rican-American Insurance Co.—pagó su valor a su dueño. Dicha compañía se subrogó en los derechos de su asegurado y presentó querella ante el Departamento de Asuntos del Consumidor (DACO) para resarcirse contra la firma dueña del negocio de estacionamiento por lo pagado por la querellante al asegurado. DACO desestimó la querella por entender que no tiene jurisdicción. En recurso instado ante el Tribunal Superior para revisar dicha decisión administrativa, la misma fue revocada, y DACO recurre ante nos. La sentencia del Tribunal Superior debe ser revocada. Resolvemos que la ley no concede a DACO jurisdicción para entender en una querella como la aquí presentada, por no ser la aseguradora el usuario a que aplica dicha ley.

▇ Ni la Ley Orgánica del Departamento de Asuntos del Consumidor (Ley Núm. 5 de 23 de abril de 1973), ni la Ley para Regular el Negocio de Áreas para el Estacionamiento Público de Vehículos de Motor (Ley Núm. 120 de 7 de junio de 1973) contienen disposición alguna sobre la subrogación de un tercero en los derechos del dueño de un vehículo hurtado en un área de estacionamiento. El historial legislativo de ambas indica que el problema de subrogación no fue considerado. Es preciso pues, acudir al Código Civil para suplir las deficiencias en estas leyes especiales. Código Civil, Art. 12 (31 L.P.R.A. sec. 12); *Dalmau* v. *Hernández Saldaña,* 103 D.P.R. 487, 488 (1975); *Berrocales* v. *Tribunal Superior,* 102 D.P.R. 224, 226 (1974).

▇ La doctrina civilista sobre la transmisibilidad de derechos es aplicable al caso de autos en ausencia de pronunciamiento al respecto por parte de las leyes especiales antes mencionadas. A la luz de esta doctrina, los derechos de un dueño de vehículo, surgidos por el incumplimiento de un con-

trato de aparcamiento, son transmisibles por ser de índole patrimonial y carecer de carácter personalísimo. La compañía aseguradora podía subrogarse en éstos y reclamar lo pagado por ella al resarcirle al dueño la pérdida de su automóvil.

El que los derechos del dueño del auto sean transmisibles no determina la jurisdicción de la agencia administrativa en el caso de autos. Según la Ley Núm. 5 de 23 de abril de 1973 y la Ley Núm. 120 de 7 de junio de 1973, DACO tiene jurisdicción sobre las reclamaciones de los consumidores o usuarios de áreas de estacionamiento abiertas al público.

En cuanto a este punto, la Ley Orgánica de DACO contiene las siguientes disposiciones:

"Sec. 341e. Poderes y facultades del Secretario

En adición a los poderes y facultades transferidos por este capítulo, el Secretario de Asuntos del Consumidor tendrá los siguientes poderes y facultades:

. . . . . . . .

(c) Atender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía.

(d) Poner en vigor, implementar y vindicar los derechos de los consumidores, tal como están contenidos en todas las leyes vigentes, a través de una estructura de adjudicación administrativa con plenos poderes para adjudicar las querellas que se traigan ante su consideración y conceder los remedios pertinentes conforme a derecho, disponiéndose que las facultades conferidas en este inciso podrá delegarlas el Secretario en aquel funcionario que él entienda cualificado para ejercer dichas funciones." 3 L.P.R.A. sec. 341e.

"Sec. 341h. División administrativa para ventilar querellas

El Secretario establecerá una división administrativa en el Departamento con el propósito de recibir, ventilar y adjudicar las querellas que por violación a las leyes o disposiciones de las mismas, que den protección al consumidor, radiquen consumidores individuales, grupos de consumidores funcionarios del Departamento u otros y funcionarios del Estado Libre Asociado de Puerto Rico. " 3 L.P.R.A. sec. 341h.

"Sec. 341n. Querellas de consumidores

Cualquier consumidor podrá radicar una querella en el Departamento para vindicar los derechos que le conceden las leyes del Estado Libre Asociado de Puerto Rico. En caso de que la querella radicada por el consumidor no plantee ninguna controversia adjudicable, el Departamento asesorará al consumidor con respecto a la solución de su querella y/o referirá la misma a cualesquiera agencia pertinente del Estado Libre Asociado de Puerto Rico o de los Estados Unidos.

Las querellas de los consumidores se regirán por el procedimiento de adjudicación que dispone este Capítulo." 3 L.P.R.A. sec. 341n.

La Ley para Regular el Negocio de Áreas de Estacionamiento Público de Vehículos de Motor contiene, a su vez, las siguientes disposiciones sobre la jurisdicción de DACO:

"Sec. 807. Poderes y facultades del Secretario [del Departamento de Asuntos del Consumidor]

.     .     .     .     .     .     .     .

(8) Investigar y tomar la acción que corresponda de acuerdo a las secs. 805 a 821 de este título y los reglamentos promulgados a esos efectos en las querellas que le presenten los usuarios de las áreas de estacionamiento público." 23 L.P.R.A. sec. 807.

"Sec. 812. Jurisdicción del Departamento de Asuntos del Consumidor para resolver reclamaciones de usuarios por daños sufridos o cobro indebido de tarifa.

El Secretario tendrá jurisdicción primaria para entrar a considerar y resolver previa celebración de una vista administrativa, cualquier reclamación que tenga un usuario en contra del operador de un área de estacionamiento público cuando ésta surja de daños o perjuicios sufridos por su vehículo o a cualquier parte o accesorio de éste; o cuando la misma surja por haberle cobrado el operador una tarifa mayor que la fijada, disponiéndose que para propósito de la adjudicación de los daños y perjuicios se entenderá que el operario ha actuado como depositario del vehículo del usuario. Disponiéndose, que la radicación de una reclamación bajo las disposiciones de esta sección, no será óbice para que una parte que haya sufrido daños y perjuicios en su

persona, pueda radicar la acción correspondiente ante el Tribunal con competencia y jurisdicción." 23 L.P.R.A. sec. 812.

La ley otorga jurisdicción a DACO sobre las querellas de los consumidores que le sean presentadas. Los usuarios de áreas de estacionamiento son un tipo específico de consumidores, objeto de una ley especial que confiere jurisdicción primaria a DACO sobre sus querellas. El asegurado en el caso de autos, dueño del vehículo hurtado en un estacionamiento público, era un usuario sobre cuya querella por esos hechos hubiera tenido jurisdicción DACO. Sin embargo, la querella del dueño del auto es distinta a la presentada por su aseguradora subrogada en sus derechos. En *Ramos Rivera* v. *E.L.A.*, 90 D.P.R. 817, 820–821 (1964), señalamos que un asegurador, subrogado en los derechos de su asegurado, tiene una causa de acción *independiente* de la de su asegurado. El esquema legislativo ya transcrito sólo contempla las causas de acción de los consumidores o usuarios. No contempla las de sus aseguradores por ser éstas distintas e independientes de aquéllos sobre las que concede jurisdicción. La ley, por tanto, no concede a DACO jurisdicción sobre la querella presentada por la Puerto Rican-American Insurance Co. Esta puede acudir a los tribunales para que en ellos se ventile su reclamación. Véase, por analogía, *Pérez Ríos* v. *Hull Dobbs*, 107 D.P.R. 834 (1978).

El hecho de que la ley conceda a DACO jurisdicción primaria sobre las querellas de usuarios de estacionamientos públicos no milita en contra de nuestra conclusión. La doctrina de jurisdicción primaria determina qué organismo debe hacer la determinación inicial de un asunto. *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506, 513 (1964). No opera para otorgarle a un organismo administrativo jurisdicción sobre un asunto cuando la misma ley no se la concede.

*Se expedirá el auto, se revocará la sentencia recu-*

*rrida y se reinstalará la decisión del Secretario del Departamento de Asuntos del Consumidor.* (\*)

El Juez Presidente Señor Trías Monge no intervino.

---

(\*) Valga señalar que la recurrente ha utilizado como recurso para acudir ante nos en este caso, el de *certiorari*. El recurso apropiado es el de revisión y así lo hemos considerado. Véase el Art. 11 de la Ley Núm. 120 de 7 de junio de 1973, 23 L.P.R.A. sec. 815 (b).