Antonio PACHECO, Jr., Plaintiff,

v.

NATIONAL WESTERN LIFE INSURANCE COMPANY, Defendant.

Civ. No. 83–2435 (PG).

United States District Court, D. Puerto Rico.

July 18, 1986.

Rina Biaggi, Federico Lora López, Hato Rey, P.R., for plaintiff.

José E. González Borgos, San Juan, P.R., for defendant.

## OPINION AND ORDER

PÉREZ-GIMÉNEZ, Chief Judge.

This is an action brought under Law 75 of June 24, 1968, the Puerto Rico Dealer's Act (the Act), 10 L.P.R.A. § 278 et seq.[1] Jurisdiction is present under the provisions of 28 U.S.C. § 1332.

Plaintiff, Antonio Pacheco, Jr., worked as general agent for defendant,[2] National Western Life Insurance Company (National Western). He alleges that defendant, without just cause and in violation of the Puerto Rico Dealer's Act (the Act), terminated the existing contractual relationship, causing damages alleged to exceed $500,000.00. The Act, which is inspired by a strong public policy, provides a remedy for dealers and distributors whose contracts are terminated by principals without just cause.

Present before us is a motion to dismiss filed by National Western on the grounds that the present action is time barred. In essence, defendant maintains that the action has not been brought within three years of the termination of the dealer's contact,[3] as required by the statute.

The Act provides in pertinent part:

Every action arising from this chapter shall prescribe in *three years* reckoning *from the date of the definite termination of the dealer's contract,* or of the performing of the detrimental acts, as the case may be. 10 L.P.R.A. § 278d.

There is no dispute that the contractual relationships between the parties terminated on November 20, 1979.[4] Therefore, the three-year term which the statute grants must be computed as of November 20, 1979. Movant prays for dismissal alleging

---

1. The action filed in the Superior Court of Puerto Rico, San Juan Part, was removed to this Court upon petition filed by National Western on October 6, 1983, pursuant to 28 U.S.C. § 1441.

2. As such he rendered services through the concession of franchises in the Puerto Rican market.

3. The termination of the dealer's contract is the central issue upon which liability under the Act is predicated.

4. Plaintiff worked for defendant from November 1, 1977, until November 20, 1979.

that the action has not been brought within the required period and argues that the prescribed term of three years has not been tolled under the provisions of the Commerce Code.[5]

The Commerce Code provides in relation to the interruption of prescription as follows:

Prescription shall be interrupted by suit or any judicial proceeding brought against the debtor, by the acknowledgment of the obligations, or by the renewal of the instrument on which the right of the creditor is based.

Prescription shall be considered uninterrupted by a judicial proceeding if the plaintiff should withdraw it, or the case should go by default or the complaint be dismissed.

The period of prescription shall begin to be counted again, in case of the acknowledgment of the obligations, from the day this is done, in case of their renewal, from the date of the new instrument, and if the period for meeting the obligation should have been extended, from the date this extension expires.

On the other hand, plaintiff contends that the action is not time barred. Plaintiff argues that the three-year period comprised in 10 L.P.R.A. § 278d has been tolled by extrajudicial means and maintains that the tolling provisions of the Civil Code on prescription are applicable instead of those of the Commerce Code [6] as defendant alleges.

The provisions of the Civil Code on interruption of prescription are comprised in Article 1873. It reads as follows:

Prescription of actions is interrupted by their institution before the courts, *by ex-* *trajudicial claim of the creditor,* and by any act of acknowledgment of the debt by the debtor. 31 L.P.R.A. § 5303.

■ We must first address the threshold issue of which disposition on prescription applies to actions brought under Law 75. The Act is silent as to which tolling provision applies. There is also a dearth of authority on the matter.[7] We know of no *reported decision* addressing the issue.[8] After an analysis of this issue we find that the tolling provisions of Article 1873 of the Civil Code, *supra,* should apply. The silence of the Act as to which tolling provision applies is our initial indicator that the Civil Code should apply. The Civil Code is suppletory in matters governed by special laws.

The Civil Code provides:

In matters which are the subject of special laws, any deficiency in such laws shall be supplied by the provisions of this title. 31 L.P.R.A. § 12.

In consonance therewith the Supreme Court of Puerto Rico has held that "[I]n matters governed by special statutes resort should be had in the first instance to such special statutes, and if deficiencies are found therein, *to the Civil Code* and other statutes in pari materia." *Robles v. Superior Court,* 85 P.R.R. 640, 645 (1962). *See also, Berrocales v. Superior Court,* 102 D.P.R. 224 (1974); *Agulló v. C.S.A.,* 104 D.P.R. 244 (1975); *Rosario v. Atlantic Southern Ins. Co. of P.R.,* 95 D.P.R. 759, 764 (1968); *Galiñanes Hermanos v. Superior Court,* 77 P.R.R. 836, 843 (1955).

A fundamental factor to be considered in determining the applicability of the Civil Code is the Dealer's Act own character-

---

**5.** The Commerce Code applies when the contracting parties are "merchants" as defined in the Commerce Code, or when the object of the contract is "mercantile" in nature as defined by the Code.

**6.** Under Puerto Rico's Commerce Code extrajudicial claims do not suffice to toll the statute.

**7.** *See* Salamone, *Puerto Rico's Distributor's Law: Law 75: A Primer,* Revista Universidad Interamericana, Vol. 18.1, pp. 67–112.

**8.** However, in a recent opinion rendered on June 9, 1986, in the case of *South Continental Insurance Agency, Inc. v. Armco Steel Corporation, et al,* Civil No. 84–2593, a Brother Judge of this Court found that Article 941 of the Commercial Code applies in view that Law 75 is commercial in nature and the Commercial Code being in *pari materia* is applicable to fill the absence of a tolling provision in Law 75.

ization of the principal's conduct as a "tortious act." 10 L.P.R.A. § 278b.[9] Thus, it is not a mercantile transaction, but a *tortious act* arising from the infraction of a mercantile transaction that the Act sanctions herein. As a result of this "tortious" conduct the dealer is entitled to indemnization. *Warner Lambert Co. v. Tribunal Superior*, 101 D.P.R. 378, 400 (1979).

This characterization as *"tortious"* is of no insignificant consequence when we consider that the law of torts is governed by the Civil Code. *Gierbolini v. Employer Fire Insurance Co.*, 104 D.P.R. 853, 855 (1976). Furthermore, the tolling provisions in the Civil Code are of undisputed application in the area of torts. *Gierbolini v. Employers Fire Ins. Co., supra; Valle v. American International Insurance Co.*, 108 D.P.R. 692, 695 (1979).

Another component to be considered is the nature of the three-year term contained in the statute. That is, whether the term is one of prescription or one of caducity. This is of utmost importance because prescription terms are tolled by both judicial and extrajudicial claims, whereas caducity terms are only and exclusively tolled by judicial claims. The problem is one of identification.

The decision of the Supreme Court of Puerto Rico in *Industrial Equipment Corporation v. Builders Insurance Co.*, 108 D.P.R. 290, 295–297 (1979), sheds light on this point and highlights the main differences between caducity and prescription terms. Basically, the decision makes clear that a fundamental distinction between the two is that statutes of limitations of the prescription type are those that govern claims in which payment of money is the remedy sought. At the outset we must note that this is precisely what Law 75 provides to the aggrieved party, a remedy in damages.

The law provides in pertinent part:

If no just cause exists for the termination of the dealer's contract for detriment to the established relationship, or for the refusal to renew the same, the principal ... shall indemnify it to the extent of the damages caused him.... 10 L.P.R.A. § 278b (underscoring ours).

Since *money* is the remedy given pursuant to Law 75, this fact must lead us to the conclusion that the term is one of prescription [10] which may consequently be tolled by extrajudicial means and to which the provisions of the Civil Code must therefore necessarily apply.

There is also persuasive authority by means of a judgment rendered by the Supreme Court of Spain [11] to uphold that Article 1873 of the Civil Code would apply in circumstances like the one at hand. In a judgment of November 27, 1917, (Judgment No. 168, Jurisprudencia Civil) the Spanish Supreme Court construed Section 1902 of the Commerce Code as referring to the Civil Code, among other things, in making applicable the tolling provisions of prescription terms.[12] For the foregoing reasons, we find that the Civil Code tolling provisions apply to Law 75 and to the instant case.

■ Having determined that the provisions of the Civil Code apply, we must now move to another level of inquiry and determine whether under said provisions and considering the specific facts of the case

---

**9.** The Act provides in pertinent part as follows: If no just cause exists for the termination of the dealer's contract for detriment to the established relationship or for the refusal to renew the same the principal shall have executed a tortious act against the dealer and shall indemnify it to the extent of the damages caused him...." 10 L.P.R.A. § 278b (Underscoring ours).

**10.** *See, Industrial Equipment Corp. v. Builders, Inc.,* 108 D.P.R. 270, 294–295 (1979).

**11.** The highly persuasive value of this type of authority has been recognized. *See, Republic Security Corporation v. Puerto Rico Aqueduct and Sewer Authority,* 674 F.2d 952, 958 (1st Cir.1982).

**12.** For a firm outline and analysis see Salamone, *Puerto Rico's Distributor's Law: Law 75: A Primer,* Revista Universidad Interamericana, vol. 18.1, pp. 67–112, at 88–89.

the three-year term has been tolled[13] by extrajudicial means as plaintiff contends.

A term of prescription may be interrupted by extrajudicial means, *supra*. This may be effectuated through letter, *Díaz de Diana, et al v. AJAS Insurance Company, et al, supra,* as long as the letter is received by the defendants. *Id.* However, ever since the seminal decision in *Jiménez v. Corte,* 65 D.P.R. 37, 45 (1945), it has been established that these extrajudicial claims through letters must be *precise and specific* in order to have the desired tolling effect. *Gual Morales v. Hernández Vega,* 604 F.2d 730, 733 (1st Cir.1979).

What constitutes a precise and specific claim has been in turn the subject of judicial interpretation. Cases which have explored the issue basically hold that a proper extrajudicial claim in order to be precise and specific must seek the same relief ultimately sought in the subsequent lawsuit. *Hernández Del Valle v. Santa Aponte,* 575 F.2d 321, 323–324 (1st Cir.1978). The interruption of prescription is explained by the unequivocal manifestation of one who is threatened with the loss of a right and expresses his will not to loose it. *Díaz de Diana, et al v. AJAS Insurance Company, et al,* 110 D.P.R. 471, 477 (1980). In view of this, it is clear that not any communication serves to toll the statute of limitations. *Hernández Del Valle v. Santa Aponte, supra,* at 322. Furthermore, letters which are in the nature of a mere reminder are not claims which would toll the statute. *Díaz de Diana, supra,* at 53. Therefore, we must now ascertain whether the letters included by plaintiff as exhibits constitute an extrajudicial claim within the meaning of the statute (31 L.P.R.A. § 5303) which tolled the limitations period and caused it to run anew.

In a declaration under 28 U.S.C. § 1746 annexed with the memorandum of law filed on March 14, 1986, plaintiff states that upon the termination of his contract in 1979 he initiated extra-judicial claims for his vested rights with the company's accounting department. He further states in his declaration that when the Supreme Court of Puerto Rico determined that insurance agents were protected by Law 75, on July 8, 1982, he duly informed National Western Insurance Co. that his claims were also under the purview of Law 75.[14] Several letters have also been annexed (Exhibits B thru E) to plaintiff's memorandum. Of all these letters, only the one marked as Exhibit E and dated June 8, 1982, makes reference to Law 75.

In Exhibit E plaintiff clearly described his duties and responsibilities with the company exactly as those recognized by the jurisprudence as falling within the particular group which Law 75 intends to protect.[15] Plaintiff stated:

> I introduced the company, developed marketing, invested time and money. I am protected by the law here and my rights upheld in the most recent case 80–405 Cordova & Simonpietri v. Crown American Insurance Company of Canada under Law 75. (Underscoring ours).

Plaintiff went further and stated:

> I hereby request a complete record of all the business transacted by National Western in Puerto Rico as per your semi-annual report to the Insurance Commissioner. Please furnish a list of all your active agents to demonstrate if possible, which of them was not the product of my direct or indirect effort, as per licenses issued.

Plaintiff further requested the adequate and complete adjustments and credits along with payment of all money due to

---

**13.** Under Puerto Rican law when a prescription term is interrupted the effect is that the term starts to run anew. *Díaz de Diana, et al v. AJAS Insurance Company, et al,* 110 D.P.R. 471, 473 (1980); *Fernández v. Chardón,* 681 F.2d 42, 53 (1st Cir.1982).

**14.** It has not been disputed that plaintiff is a dealer.

**15.** Dealer is defined as one who has invested time, effort and expense in developing a market, *Córdova & Simonpietri Insurance Agency v. Crown American Insurance Company of Canada,* 112 D.P.R. 797 (1982), and one who endeavors to get new clients, *San Juan Mercantile v. Canadian Transport Co.,* 108 D.P.R. 211, 215 (1978).

him. The letter also states that he was notifying his lawyers and thereafter he advised, "[I]t would be most convenient if your lawyers review Law 75, the court order, and other details so you will save time and lawyers fees."

We find that for several reasons this letter of June 8, 1982, addressed to Mr. Wildon K. Huffman, Vice President, constitutes an extrajudicial claim sufficiently "precise and specific" and that as a consequence the limitations period was tolled by it. The letter makes a clear and direct reference to Law 75 under which the present action is brought. The letter describes plaintiff's services clearly as falling within the shield of the law.[16] The mention of amounts of money owed and plaintiff's warning that his lawyers were being notified lead us to conclude that a claim under Law 75 was being made thru this letter and that the letter in fact makes a claim for the relief ultimately sought.

Although in *Fernández v. Chardón*, 681 F.2d 42, 53 (1st Cir.1982), it was held that a warning does not serve the purpose of a precise and specific claim, there the letters in question did not make a precise and specific claim for the relief finally sought through the legal action instituted.[17] This same reasoning explains the decision in *Hernández Del Valle v. Santa Aponte, supra,* where it was held that a written demand to be reinstated to a job did not toll the statute of limitations since the communication failed to mention that plaintiff was interested in back pay and did not discuss any possibility of litigation.

In the case at hand the referred letter calls the attention to a financial obligation and gives defendant a notice of the possibility of a suit for the right that has been invoked. The letter alludes to rights under Law 75 whose violation is of what the present action is all about. The recovery of damages is the right afforded by the statute and plaintiff has made a direct reference to it.

We find that the sending of this letter prior to the expiration of the three-year term is an extrajudicial claim which has interrupted the referred three-year period and has caused it to run anew. In view of the foregoing, we find that the instant action is not time barred.

THEREFORE, the motion to dismiss is hereby DENIED.

IT IS SO ORDERED.

---

16. The reference to the *Córdova & Simonpietri,* case, *supra,* portrays the services of the type rendered by plaintiff to defendant. These were clearly defined as falling within the definition of dealer (protected group) in the statute.

17. *Fernández v. Chardón,* involved an action under § 1983 for political discrimination. Plaintiffs maintained that through letters the term was interrupted. The letters acknowledged receipt of the demotion letters, stated disagreement with the decision, informed that the copy of the letters were sent to the P.R. Teachers Association for them to take appropriate action and that they would obey the order. However, the plaintiffs later sought reinstatement, back pay, actual and punitive damages, costs and attorney's fees, and a permanent injunction against defendants from any further acts of political discrimination.