UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2365

GUILLERMO BONILLA-AVILES,
MARIA VELAZQUEZ, C/P BONILLA-VELAZQUEZ,

Plaintiffs, Appellants,

v.

SOUTHMARK SAN JUAN, INC., ET AL,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Breyer, Chief Judge,

Friedman,* Senior Circuit Judge,

and Stahl, Circuit Judge.

John Ward Llambias for appellants.

Maria Soledad Ramirez Becerra with whom Mercado & Soto was on

brief for appellee Saint James Security, Inc.
Ricardo L. Rodriguez Padilla for appellee Southmark San Juan,

Inc.
Ray Fargason, Harding, Bass, Fargason, Booth & Calfin and Maria

Teresa Agudo Loubriel on brief for appellee Calypso Water Sports, Inc.

May 12, 1993

*Of the Federal Circuit, sitting by designation.

FRIEDMAN, Senior Circuit Judge. The United States District

Court for the District of Puerto Rico dismissed the

plaintiffs' diversity tort suit on two grounds: (1) that

the Puerto Rico statute of limitations barred the suit and

(2) that dismissal was warranted because of one of the

plaintiffs' repeated failures to comply with the court's

pretrial orders. We affirm the dismissal on the limitations

ground and, therefore, find it unnecessary to reach the

second ground.

I

On April 4, 1991, the plaintiffs, Mr. Bonilla and

his wife, filed a diversity action in the United States

District Court for the District of Puerto Rico against the

defendants. The complaint alleged that on February 5, 1990,

while Mr. Bonilla was a guest at the Sands Hotel in Puerto

Rico and as a result of the hotel's negligence, he suffered

various injuries when he was struck in the head with a

volleyball while in the Jacuzzi area. The complaint sought

damages of $1,450,000.00.

More than 16 months later, following repeated

failures of Mr. Bonilla to comply with various pretrial

(including discovery) orders of the court, the court granted

the defendants' motion for summary judgment and dismissed

- 2 -

the complaint. The court held: (1) that Puerto Rico's one-

year tort statute of limitations barred the suit, since (a)

the suit was filed 14 months after the alleged injury and

(b) Mr. Bonilla had not established any of the statutory

grounds for tolling the statute; and (2) that dismissal "is

also based on plaintiff's failure to comply with court

orders."

II

As noted, Puerto Rico has a one-year statute of

limitations for all tort actions. P.R. Laws Ann. tit. 31,

5298(2) (1991). Since the complaint was filed 14 months

after Mr. Bonilla allegedly was injured, on its face it

appears untimely under the statute.

Puerto Rico, however, has a tolling statute which

provides:

Prescription of actions is
interrupted by their
institution before the courts,
by extrajudicial claim of the
creditor, and by any act of
acknowledgment of the debt by
the debtor.

Id. 5303 (1991).

The plaintiffs here contend, as they did in the

district court, that three letters tolled the statute.

These letters were referenced and apparently attached to

- 3 -

motions the plaintiffs filed, but the letters were,

nevertheless, not part of the record before the district

court. The court rejected the tolling contention on the

following ground:

Defendants have shown that the
action was filed more than one
year after the incident
occurred. Plaintiff, as the
non-moving party, must now
produce evidence to create an
issue of fact as to whether
the statute of limitations was
tolled or not. Plaintiff
alludes to letters stating
extrajudicial claims which he
states were sent to the
defendant. However, none of
these letters are included in
the record. Without these
letters, which we need in
order to determine whether or
not the statute of limitations
was tolled under Puerto Rico
law, we cannot proceed. We,
therefore, grant defendants'
summary judgment motion
because plaintiff has failed
to fulfill his burden of
production.

Since the plaintiffs have the burden to support

their claim that the statute was tolled, their failure to

introduce into the record the letters upon which they based

that claim was fatal to the claim. See Mesnick v. General

Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (when the

moving party has made a showing that no genuine issue of

- 4 -

material fact is at issue and the nonmoving party "bears the

ultimate burden of proof, he must present definite,

competent evidence to rebut the motion" for summary

judgment), cert. denied, 112 S. Ct. 2965 (1992). The

district court, therefore, justifiably rejected the tolling

contention for lack of supporting proof. Fed. R. Civ. P.

56(c) ("The judgment sought shall be rendered forthwith if

the pleadings, depositions, answers to interrogatories, and

admissions on file . . . show that there is no genuine issue

as to any material fact and that the moving party is

entitled to a judgment as a matter of law.").

In any event, the letters do not support the

tolling contention.

The first and third letters were written by the

insurance representative of the Sands Hotel and did not

admit liability. They, therefore, were not an "act of

acknowledgment of the debt by the debtor." Indeed, the

plaintiffs apparently do not claim to the contrary.

The plaintiffs rely upon the second letter,

written by Mr. Bonilla's lawyer to the insurance

representative in response to the latter's first letter,

which had sought certain information from Mr. Bonilla

- 5 -

regarding the alleged accident. The only possibly pertinent

portion of Mr. Bonilla's letter stated:

I would appreciate that you
send me information about the
coverage of the policy Sand's
Hotel have [sic] for cases
like this and also if you have
any representative in Puerto
Rico with whom we can discuss
and try to settle this case.

The plaintiffs contend that this statement

constituted an "extrajudicial claim of the creditor" under

the tolling statute.

As this court has noted, the Supreme Court of

Puerto Rico "has stated that an extrajudicial claim, in

order to have tolling effect, must be 'precise and

specific.' Jimenez v. District Court, 65 P.R.R. 35, 42

(1945)." Gual Morales v. Hernandez Vega, 604 F.2d 730, 733

(1st Cir. 1979). In Pacheco v. National Western Life

Insurance Co., 640 F. Supp. 900, 905 (D.P.R. 1986), the

court ruled that a letter was sufficiently "precise and

specific" so as to toll the limitations period where

[t]he letter makes a clear and direct
reference to [the] Law . . . under which
the present action is brought. The
letter describes plaintiff's services
clearly falling within the shield of the
[relevant] law. The mention of amounts
of money owed and plaintiff's warning
that his lawyers were being notified
lead us to conclude that a claim under

- 6 -

[the particular law at issue] was being
made through this letter and that the
letter in fact makes a claim for the
relief ultimately sought.

Id. (footnote omitted). On the other hand, we ruled

insufficient for tolling, a letter that "specified what

plaintiffs were requesting, but did not give specific notice

of the basis of the lawsuit," and a second letter in which

the plaintiff merely stated his intention to file a

complaint against the defendant. Riofrio Anda v. Ralston

Purina, Co., 959 F.2d 1149, 1154 (1st Cir. 1992). We

concluded that neither of those letters were sufficient to

alert the defendant to the specific causes of action against

which it would be forced to defend itself. Id.

We also have noted that under Puerto Rican law,

"[a] proper extrajudicial claim must seek the same relief

ultimately sought in the subsequent lawsuit." Fernandez v.

Chardon, 681 F.2d 42, 53 (1st Cir.), cert. granted in part,

459 U.S. 987, cert. denied in part, 459 U.S. 989 (1982), and

aff'd sub nom. Chardon v. Fumero Soto, 462 U.S. 650 (1983).

See also Rodriguez Narvaez v. Nazario, 895 F.2d 38, 44 (1st

Cir. 1990) (the extrajudicial claim "must require or demand

the same conduct or relief ultimately sought in the

subsequent lawsuit"); Torres v. Superintendent of Police of

P. R., 893 F.2d 404, 407 (1st Cir. 1990) ("[T]he

- 7 -

extrajudicial claim must claim the same relief later

requested in the federal suit.").

Neither the request in Mr. Bonilla's lawyer's

letter for information about the Sands Hotel's insurance

coverage, nor the question whether the insurance

representative had "any representative in Puerto Rico with

whom we can discuss and try to settle this case,"

constituted a "precise and specific" extrajudicial claim

that sought "the same relief ultimately sought in the

subsequent lawsuit." The mere seeking of information

regarding a possible discussion and settlement of the case

with the insurance representative did not indicate that the

plaintiffs were asserting a substantial damages claim for

the injuries Mr. Bonilla allegedly suffered.

The letter fell far short of the specificity

required to alert the defendant to the particulars of a

likely damages suit. It was not a "request for monetary

compensation as a result of an injury suffered" that this

court held was the basis of decisions holding that an

extrajudicial demand had triggered the tolling of a Puerto

Rican statute of limitations. Hernandez del Valle v. Santa

Aponte, 575 F.2d 321, 323 (1st Cir. 1978) (letters seeking

reinstatement of discharged employee did not toll statute of

- 8 -

limitations on claim under 42 U.S.C. 1983 for damages for

the discharge). See also Rodriguez Narvaez, 895 F.2d at 43

("The Supreme Court of Puerto Rico has stated that in view

of the importance of the institution of 'extinctive

prescription' in the civil law tradition tolling provisions

must be interpreted restrictively against the person

invoking their protection.") (citing Diaz de Diana v.

A.J.A.S. Ins. Co., 110 P.R.R. 602, 607-08 n.1 (1980))

(footnote omitted).

Affirmed.

- 9 -