*JMS/mf cc. Lcdo. Betancourt"*

# 96 DTA 119

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII, CAROLINA Y FAJARDO

CITIBANK, N.A.
Demandante-Apelado

v.

NELLY I. RAMOS BATISTA
Demandada-Apelante

Núm. KLAN-96-00542

San Juan, Puerto Rico, a 23 de septiembre de 1996

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Negroni Cintrón y Salas Soler

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Resolvemos que una determinación final administrativa ante el Departamento de Asuntos del Consumidor (DACO), respecto a la validez de un contrato, constituye cosa juzgada en su modalidad de impedimento colateral en un posterior trámite judicial, dentro del cual dicho contrato es objeto de ejecución por parte del acreedor y se intenta volver a atacar su validez. Tal adjudicación en la esfera administrativa resulta en cosa juzgada y no relitigable ante el foro judicial.

### Hechos

El 12 de julio de 1994 la Sra. Nelly I. Ramos Batista adquirió de Promo Motors Imports, Inc. por $15,900 un vehículo de motor usado, identificado como *"guagua Mazda M.P.V., tablilla BUS-059, número de serie JM3LVS228MO347261."* En ese momento dio un pronto de $3,000 y financió los restantes $12,900 en 54 plazos mensuales de $360.99 cada uno, con residual de $2,000.

En el momento de la compra la Sra. Ramos Batista no interesaba utilizar al Citibank, N.A. como entidad financiera del préstamo, pero debido a que Promo Motors Imports, Inc. (Promo) no tenía arreglos con otra entidad financiera, se cumplimentó el préstamo con el Citibank, N.A., ello sin perjuicio de que la Sra. Ramos Batista recurriera a la entidad financiadora de su preferencia para trasladar allí el préstamo. El 15 de julio de 1994 la Sra. Ramos Batista obtuvo del Banco Popular de Puerto Rico la aprobación del financiamiento vehicular. Citibank, N.A. también le ofreció equiparar los términos de cualquier otra entidad financiera, para evitar el traslado del préstamo.

No obstante, el 14 de junio de 1994 la Sra. Ramos Batista decidió dejar sin efecto el negocio y devolver el vehículo a la firma que se lo vendió. Con tal propósito lo llevó y lo dejó en el estacionamiento de la firma vendedora, a pesar de la oposición de Promo Motors Imports, Inc. La Sra. Ramos Batista justificó su decisión en que los términos del contrato de financiamiento no se ajustaban a su situación económica y que Promo no le dio oportunidad de financiar el vehículo con otra institución que no fuera Citibank, N.A. A tal efecto la Sra. Ramos Batista acudió el 19 de julio de 1994 ante el Departamento de Asuntos del Consumidor (DACO) y radicó la Querella número Q-95-118, contra Promo Motors Imports, Inc. y Citibank, N.A., interesando la devolución del depósito de $3,000.

El asunto fue ventilado en la esfera administrativa y resuelto a favor de Promo Motors Imports, Inc. y Citibank, N.A., mediante Resolución del 1 de diciembre de 1994, que luego advino final y firme.

El 19 de enero de 1995 Citibank, N.A., tenedor del gravamen condicional sobre el vehículo y por tanto acreedor de la deuda así garantizada, demandó a la Sra. Ramos Batista en cobro de dinero. La Sra. Ramos Batista contestó y reconvino en daños y perjuicios el 2 de mayo de 1995.

El Tribunal de Instancia resolvió, mediante sentencia sumaria de 17 de abril de 1996 (Hon. Julio Soto Ríos, J.) que procedía el cobro de la suma principal de $21,493.65, $147 por costos y gastos del litigio, más $150 en concepto de honorarios de abogado. Del dictamen también surge que Instancia desestimó la reconvención de $50,000, en daños y perjuicios, por tratarse de cosa juzgada, ante la Resolución Administrativa del DACO.

La Sra. Ramos Batista apeló imputando la comisión de los siguientes dos errores:

*"1) Erró el Honorable Tribunal de Primera Instancia al dictar Sentencia Sumaria en el caso de autos, ya que existía controversia sobre un hecho real sustancial que impedía disponer el caso por vía sumaria, privando de esta forma que se impartiera justicia y privando a la parte apelante de su día en corte y de ser oída.*

*2) Erró el Honorable Tribunal de Primera Instancia al aplicar al caso de autos, un asunto ventilado en el Departamento de Asuntos al Consumidor, aplicando así la figura de cosa juzgada aun cuando no estaba cumpliéndose con la más perfecta identidad entre las cosas, causas, personas de los litigantes y la calidad en que lo fueron."*

Ha transcurrido en exceso del término de 30 días que la Regla 22 del Tribunal de circuito de Apelaciones concede a la parte apelada para su alegato, sin que lo haya presentado, ■ por lo cual consideramos sometido el asunto.

### Exposición y Análisis

Atendida la economía procesal atenderemos ambos señalamientos en forma conjunta, debido a que ambos están atados a un mismo hecho y dato fundamental.

## I

1) Se ataca la sentencia sumaria porque *"existía controversia sobre un hecho real sustancial que impedía disponer el [sic] caso por vía sumaria,"* alegándose que el dictamen sumario se fundamentó en que:

*"La parte apelada CITIBANK, N.A. basó su moción de Sentencia Sumaria en que alegó en síntesis que la parte apelante, el 12 de julio de 1994 suscribió un contrato de venta condicional el cual fue cedido a la parte apelada. Que la parte apelante nunca cumplió con los términos y condiciones del referido contrato, se alegó que dicho incumplimiento se basó en que la demandada-apelante nunca hizo sus pagos mensuales a los cuales se obligó. A esos efectos acompañó Declaración Jurada. Véase Exhibit VI, folio 15 al 21 del apéndice.*

*Por su parte la parte apelante en su moción en oposición a Solicitud de Sentencia Sumaria incluyó declaración jurada de la parte apelante, donde se expresó que visitó el local de PROMO MOTOR IMPORTS, INC., vendedor, el día 12 de julio de 1994, haciendo entrega de la suma de $3,095.00 dólares como pronto pago. A petición del vendedor de PROMO MOTORS firmó en blanco una Solicitud de Contrato de Venta Condicional, cuyo propósito era obtener un préstamo para pagar a PROMO MOTORS, el balance del precio del vehículo.* **La parte apelante regresó al local de Promo Motors, Imports, Inc. el próximo día de haber efectúado el depósito y certificó que no le interesaba continuar con la compra del·vehículo, exponiendo varias razones y le hizo entrega del vehículo en el local del Dealer y de inmediato y personalmente notificó a la parte apelada que no interesaba continuar con la solicitud del préstamo del contrato de venta condicional a plazos y que no poseía el vehículo por haber devuelto el mismo al Dealer. Que la parte apelante a pesar de haber desistido y retirado la solicitud de préstamo de venta condicional a plazo, el día 14 ó 15 de julio de 1994 y conociendo, porque así se lo informó al Oficial del Banco, y que no había efectúado el pago al Dealer, procedieron a desembolsar el mismo el 28 de julio de 1994."** (subrayado nuestro). Véase Exhibit VII, folio 22 al 28 del apéndice.

Como puede advertirse la parte apelante presentó Declaración Jurada estableciendo controversia sobre que la parte apelante acudió a la parte apelada el 14 ó 15 de julio de 1994 (antes de desembolsarse el préstamo al Dealer) para notificarle que no interesaba continuar con la solicitud de préstamo del contrato de venta condicional a plazos y a pesar de ello la parte apelada realizó el desembolso el 28 de julio de 1994, por lo que no procedía dictarse Sentencia Sumaria.

Se ataca la sentencia sumaria porque al utilizarse el dictamen del DACO de fecha 1 de diciembre de 1994, se consideró cosa juzgada al asunto, no obstante *"... cuando no estaba cumpliéndose con la más perfecta identidad entre las cosas, causas, personas de los litigantes y la misma calidad con que lo fueron".*

A poco que ello se analice se aprecia que se trata de un sólo asunto; es decidir, si DACO adjudicó respecto a la validez de la contratación vehicular y si tal dictamen administrativo constituye cosa juzgada entre las partes, ahora litigantes en la esfera judicial.

Resolvemos que hay que contestar en la afirmativa ambas interrogantes.

Entendemos y resolvemos que el asunto relativo a la validez del contrato de compraventa y su financiamiento es cosa juzgada, en la modalidad de impedimento colateral por Dictamen Administrativo Final *"vis a vis"* el subsiguiente litigio judicial.

El asunto referente a la validez del negocio jurídico que comprende la compraventa y financiamiento del auto Mazda MPV, tablilla BUS-059, es cosa juzgada, ya adjudicada en la Querella Q-95-118, ante el DACO. Contando con jurisdicción sobre partes y asunto, la Agencia Administrativa adjudicó y resolvió que existía contrato válido de compraventa y financiamiento. Una vez tal dictamen administrativo advino final, constituyó cosa juzgada entre las partes en su modalidad de impedimento colateral por sentencia. Ello impide que ese mismo asunto sea ahora relitigado en la causa judicial Civil Núm. 95-0129 (406) ante el Tribunal de Distrito de Carolina.

Se ha resuelto, que de ordinario, la adjudicación final en la esfera administrativa dentro de su válida jurisdicción goza del carácter de cosa juzgada cuando ello se intenta relitigar en pleito separado ante el foro judicial. *Rodríguez Oyola v. Machado Díaz,* 137 D.P.R. ___ (1994), **94 J.T.S. 82**; *Negrón v. C.I.T.,* 111 D.P.R. 657 (1981) y *Pagán v. U.P.R.,* 107 D.P.R. 720 (1978).

En la esfera administrativa (DACO) se ventiló --vía procedimiento ordinario y plenario sobre rescisión, incoado por la Sra. Ramos Batista-- el asunto relativo a la validez del negocio jurídico (compraventa y financiamiento) vehicular. Allí se adjudicó que ambos eran del todo válidos y ejecutables. ■ Ello constituye ahora cosa juzgada vía impedimento colateral, en el que no se requiere identidad de causa o proceso. Véase *A & P Gen. Contractors v. Asociación Caná,* 110 D.P.R. 753 (1981).

Como se sabe, DACO no cuenta con jurisdicción para atender una acción de reposesión vehicular predicada por el acreedor al amparo de un contrato de venta condicional. Ello es jurisdicción del Tribunal General de Justicia. *Pérez Ríos v. Hull Dobbs,* 107 D.P.R. 834 (1978); *P.R. Amer. Ins. v. P.R. Park System,* 108 D.P.R. 106 (1978).

El trámite en cobro de dinero y ejecución del gravamen condicional vehicular sólo corresponde a la esfera judicial. Citibank, N.A. no podía dentro del trámite ante DACO, vía reconvención, haber solicitado remedio alguno en ejecución del contrato de venta condicional. Lo resuelto en forma final ante DACO constituye impedimento colateral que impide relitigar en la esfera judicial el importante aspecto de la validez del contrato de compraventa vehicular y su financiamiento. Sólo queda el trámite de la acción en cobro de dinero y ejecución de gravamen de venta condicional. Véase *A & P General Contractors v. Asoc. Caná, supra.*

En la acción civil 95-0129, ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina, sólo quedó determinar respecto a si procedía el aceleramiento de la deuda y su monto. No se podía pasar *"juicio de novo"* respecto a la validez de la transacción y su financiamiento, asunto ya adjudicado en el foro administrativo. De tal forma también se dispuso de la reconvención por daños, incorporada en la acción civil 95-0129, *supra*; precisamente predicada en la alegada ilegalidad contractual.

### Dictamen

Considerada sustancialmente correcta la sentencia recurrida, se confirma.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 119

**1.** El 1 de julio de 1996, la parte apelada Citibank, N.A. solicitó prorroga de 30 días para ello. Aunque dicha moción no ha sido resuelta, han pasado más de 60 días sin que ello se verifique, por lo que entendemos sometido el asunto y conforme a lo resuelto no se hace necesario que el apelado exponga más de lo que ya consta de

autos, para resolver el asunto de derecho que nos ocupa.

**2.** No se da la excepción de *Millán v. Caribe Motors,* 83 D.P.R. 474 (1961) donde ocurrió lo contrario... ocurre primero la acción sumaria de reposesión y luego se declaró con lugar la reclamación en rescisión y daños, por dolo que vició el consentimiento. De tal forma la reposesión no tuvo carácter de cosa juzgada en cuanto a la acción rescisoria subsiguiente.