NATIONWIDE MUTUAL INSURANCE
CO., Plaintiff

v.

Orlando OTERO PEREZ,
et al., Defendants

No. CIV. 97–2172(JP), CIV. 97–2347(JP).

United States District Court,
D. Puerto Rico.

Jan. 4, 2001.

Harry R. Nadal–Arcelay, Cancio, Nadal, Rivera, & Diaz, San Juan, PR, for Nationwide Mut. Ins. Co.

Miriam D. Salwen–Acosta, San Juan, PR, for Luis Oscar Ramos–Colon, Jeanette Torres–Diaz, Conjugal Partnership Ramos–Torres.

Jesus Santiago–Malavet, Santurce, PR, Jose F. Blanco–Torres, Guaynabo, PR, for Edwin R. Otriz–Negron, Maria Del R. Diaz, Conjugal Partnership Ortiz–Diaz, Brunilda Torres–Figueroa, Edwin Fuentes–Rivera, Conjugal Partnership Fuentes–Torres, Edwin O. Berdecia–Perez, Edwin Lopez–Figueroa, Edna M. Torres, Conjugal Partnership Lopez–Torres, Jamie Lopez–Figueroa, Edna Rivera–Luna, Conjugal Partnership Lopez–Rivera.

Jose F. Blanco–Torres, Guaynabo, PR, for Amalia T. Barrios–Roman.

Cristobal Colon, San Juan, PR, for Jose H. Ortiz–Ortiz, Aida M. Malave.

Robert Millan, Rio Piedras, PR, for Javier Quinones–Vargas.

Jose R. Cintron–Colon, Guaynabo, PR, for Cynthia Auffant–Rosario.

Jose A. Pagan–Nieves, San Juan, PR, for Gregorio Lee–Lee.

Heidi L. Rodriguez–Benitez, Pietrantoni Mendez & Alvarez, Hato Rey, PR, for Creditos De Barranquitas.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

Before the Court is Co-defendant Cooperativa de Ahorro y Crédito de Barranquitas' ("Cooperativa") Motion to Dismiss (docket No. 517), Plaintiff Nationwide Mutual Insurance Company's ("Nationwide") Opposition to Motion to Dismiss (docket No. 519), Cooperativa's Reply (docket No. 529), and Nationwide's Sur–Reply thereto (docket No. 537). Nationwide filed the original Complaint on August 1, 1997 alleging violations of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d). Nationwide amended its Complaint on January 19, 1999, and then filed a Second Amended Consolidated Complaint on January 19, 2000. The Second Amended Consolidated Complaint added Cooperativa, a loan cooperative or credit union, as a co-defendant to this action. Nationwide alleges that Cooperativa negligently received, accepted or accredited checks bearing false and fraudulent endorsements, and seeks $2.5 million in damages under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141.

In its motion to dismiss, Cooperativa contends that all but one of Nationwide's claims against Cooperativa are time-barred pursuant to Puerto Rico's Uniform Law of Negotiable Instruments, P.R. Laws Ann. tit. 19, § 24. Nationwide responds that its claims against Cooperativa arise not under the Uniform Negotiable Instruments Act, but rather under Article 1802 of the Puerto Rico Civil Code, and that its claims are timely under the statute of limitations applicable to causes of action arising under Article 1802.

## II. LEGAL STANDARD

In adjudicating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must

accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991). Although there is a low threshold for stating a claim, the pleading requirement is "not entirely a toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996) (quoting *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989)). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)). For the purposes of this motion, therefore, all factual allegations in the Second Amended Complaint will be accepted as true and viewed in the light most favorable to Plaintiff.

## III. FACTUAL ALLEGATIONS

Nationwide alleges that the multiple Defendants to this action engaged in a fraudulent scheme wherein they presented numerous false claims under automobile insurance policies issued by Nationwide for fictitious accidents involving non-existent property damage to insured and non-insured third party automobiles. According to the averments in the Second Amended Consolidated Complaint, the individual Defendants utilized false documents, including false police reports, damage assessments, and photographs of damaged vehicles, in order to carry out the fraudulent scheme against Nationwide. The Complaint further states that two claims adjusters employed by Nationwide processed the fraudulent claims, and then destroyed copies of the issued checks to avoid their detection. The checks are alleged to have been collected by another co-defendant, who operated a vehicle repair business and automobile salvage operation. Once collected, Plaintiff claims that the checks "would either be endorsed by the individual in whose favor they were issued, or bear a false endorsement, or be payable to a fictitious claimant, or lack endorsement." (Second Am. Consol. Compl. ¶ 215.) Thereafter, Nationwide claims that Cooperativa negligently received, accepted, or accredited these checks bearing false or fraudulent endorsements. The Second Amended Consolidated Complaint itemizes those checks alleged to have been negligently processed by Cooperativa. According to Nationwide, the first such check was issued on February 6, 1990. Numerous other checks were issued between that date and October 17, 1997. The check that was issued on October 17, 1997, number B881–039913, was for the sum of $6,054.52.

## IV. DISCUSSION

To determine whether any of Nationwide's claims against Cooperativa are time-barred, the Court must ascertain the applicable statute of limitations. Identification of the pertinent statutory period is in turn contingent upon the substantive law under which the claims arise. Here, the issue of timeliness turns on whether Nationwide's cause of action against Cooperativa arises under section 24 of the Uniform Negotiable Instruments Act ("the Act") or under Article 1802 of the Puerto Rico Civil Code.

Cooperativa contends that any claim that Nationwide may have against it for cashing fraudulently endorsed checks would arise under section 24 of the Act. That provision states:

> When a signature is forged or made without the authority of the person whose signature it purports to be, it is

wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto can be acquired through or under such signature, unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.

P.R. Laws Ann. tit. 19, § 24.[1] The Puerto Rico Supreme Court, in construing this provision, has held that "the bank that pays a check under a forged or unauthorized signature of endorsement is directly liable to the drawer or agent [under section 24]." *St. Paul Fire & Marine Ins. Co. v. Caguas Fed. Savings & Loan Ass'n of Puerto Rico,* 121 P.R. Dec. 761, 765 (Puerto Rico 1988). In its Opposition, Nationwide argues that its cause of action against Cooperativa for the negligent receiving, accepting, or accrediting of checks bearing false or fraudulent endorsements arises under Article 1802 of the Puerto Rico Civil Code. Article 1802 is a general tort statute. It provides, in relevant part, that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. tit. 31, § 5141.

■ The Puerto Rico Supreme Court has held that when a claim arises under both a law addressing a particular subject matter, and a law of general applicability, and a conflict exists between the two, the more specialized law trumps the general law. *See Sanchez Vilella v. Estado Libre Asociado de Puerto Rico,* 134 P.R. Dec. 503, 563 (Puerto Rico 1993); *see also Pacheco v. National Western Life Ins. Co.,* 640 F.Supp. 900, 902 (D.Puerto Rico 1986) ("[I]n matters governed by special statutes resort should be had in the first instance to such special statutes, and if deficiencies are found therein, to the Civil Code and other statutes in pari materia.") (quoting *Robles v. Superior Court,* 85 P.R. Dec. 640, 645 (1962)). In addressing the particular question at issue here, the Supreme Court has found that the Uniform Negotiable Instruments Act constitutes a specialized law, and thus prevailed over any other applicable law of a general nature, including Article 1802 of the Civil Code. *See St. Paul Fire & Marine,* 121 P.R. Dec. at 766; *Paris v. Canety,* 73 P.R. Dec. 403, 406 (Puerto Rico 1952). In *St. Paul Fire & Marine,* the Supreme Court made clear that section 24 of the Act applied to cases such as the one at bar, to the exclusion of Article 1802, even where no contractual relationship existed between the plaintiff and the defendant banking institution. *See id.* at 765–66. Thus, it held that parties "may resort to the Civil Code only when some aspect of the controversy cannot be duly adjudicated under the Negotiable Instruments Act and, in an ancillary manner, by the Commerce Code, after which resort may be had to the Civil Code as supplementary law." *Id.* at 766.

■ In the instant dispute, section 24 of the Act squarely addresses the conduct of which Nationwide complains in its Second Amended Consolidated Complaint. In its Sur–Reply, Nationwide attempts to circumvent section 24's statute of limitations by casting its cause of action more broadly than that provided for in section 24. To that end, Nationwide argues that its allegations of negligence are predicated upon Cooperativa's failure to observe reasonable banking and commercial standards and to exercise ordinary care in the course of its daily operations. According to the Second Amended Consolidated Complaint, however, the harm suffered by Nationwide relates to Cooperativa's alleged receipt, acceptance, and accreditation of checks bearing false and fraudulent endorse-

---

1. The Uniform Negotiable Instruments Act, quoted above, was supplanted by Law No. 208 of August 17, 1995. Section 1 of Law No. 26 of June 30, 1997 provided that Law No. 208 would not take effect until January 1, 1998. Transactions occurring prior to January 1, 1998, including those at issue in this case, are therefore governed by the Uniform Negotiable Instruments Act.

ments.[2] Section 24 provides the exclusive remedy for this conduct. *See id.* at 766.

For claims arising under section 24 of the Act, the applicable statute of limitations is contained in Article 946 of the Puerto Rico Commercial Code. Pursuant to Article 946, a three year period of limitations applies to the instant action. *See* P.R. Laws Ann. tit. 10, § 1908. Causes of action arising from checks, or drafts, are extinguished three years after maturity. *See id.* Given that Nationwide filed its Second Amended Consolidated Complaint on January 19, 2000, all claims accruing prior to January 19, 1997 are time-barred. Only one claim in the Second Amended Consolidated Complaint is alleged to involve a check issued subsequent to January 19, 1997. Consequently, under the limitations period contained in Article 946, the claim involving check number B881–039913, alleged to have been issued on October 17, 1997 in the amount of $6,054.52, is the only actionable claim against Cooperativa.

## V. CONCLUSION

In view of the foregoing, the Court hereby **GRANTS** Co-defendant Cooperativa's motion to dismiss. All those claims involving drafts issued prior to January 19, 1997 are time-barred and thereby **DISMISSED WITH PREJUDICE.** The only remaining claim, then, involves check number B881–039913 in the amount of $6,054.52, which survives the time bar because the pleadings allege that it was issued subsequent to January 19, 1997. Additionally, the Court hereby **GRANTS** Plaintiff Na-

---

**2.** The Court hastens to add that consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the Complaint, documents appended to the Complaint, documents incorporated by reference, and matters of which judicial notice may be taken. *See Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); James W. Moore, 2 Moore's Federal Practice § 12.34[2] (3d ed.1998). When matters outside the pleadings are presented with a motion to dismiss under Rule 12(b)(6), the Court may either exclude those matters or treat the

tionwide's Motion Requesting Status Conference (docket No. 550).

**IT IS SO ORDERED.**

motion as one for summary judgment under Rule 56. *See* Fed R. Civ. P. 12(b). Nationwide attaches to its Sur–Reply the deposition transcripts of Co-defendant Orlando Otero and three tellers of Cooperativa who are not parties to this action, wherein they testify to the alleged negligence in the handling of Cooperativa's daily operations. Because Nationwide has not asked this Court to convert the instant motion into a motion for summary judgment, those attachments will be excluded from consideration.